UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY MESSMER, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08-CV-749 CEJ |
| KINDRED HOSPITAL ST. LOUIS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' motion to remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), pursuant to 28 U.S.C. § 1447; and on the motion of defendant Tiana Taylor to dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ. P. The motion to remand is fully briefed. Plaintiff has not responded to defendant Taylor's motion to dismiss, and the time allowed for doing so has elapsed.

I. **Background**

Plaintiff Tammy Messmer was employed by defendant Kindred Hospital from February 2004 until May 25, 2007. Plaintiff alleges that Kindred terminated her employment on the basis of gender and in retaliation for having complained about sexual harassment and sex discrimination. She brings this action under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq*.

Plaintiff initiated this action in the Twenty-First Judicial Circuit Court of Missouri on March 25, 2008, and defendants were served a copy of the petition on April 29, 2008. Defendants removed

the action to this Court on May 23, 2008, asserting diversity of citizenship jurisdiction. Plaintiff and defendant Taylor are residents of Missouri. Defendant Kindred Hospital is a Delaware corporation with its principal place of business in Kentucky. Defendants contend that the amount in controversy exceeds $75,000, exclusive of interest and costs, even though the petition contains no claim for a specific amount of damages.

Plaintiff moves to remand this action, arguing that there is not complete diversity of citizenship. Defendants argue that defendant Taylor was fraudulently joined to defeat diversity jurisdiction and oppose the motion to remand. Defendants also assert that Taylor should be dismissed from this action because plaintiff omitted to name Taylor in her Equal Employment Opportunity Commission (EEOC) and Missouri Human Rights Commission (MHRC) charges and therefore failed to satisfy the administrative prerequisite to filing suit against Taylor. Defendants further assert that the petition does not state a cause of action against Taylor, but at most shows that she is a witness to, not a participant in, allegedly discriminatory acts.

**II. Discussion**

"A civil action brought in a state court may be removed to the proper district court where the district courts have original jurisdiction." 28 U.S.C. § 1441; Manning v. Wal-Mart Stores East,Inc., 304 F.Supp.2d 1146 (E.D. Mo. 2004)(Shaw, J.). Original jurisdiction exists in all civil actions between persons of different states where the amount in controversy exceeds $75,000.

28 U.S.C. § 1332(a)(1). Such an action is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

"Removal will not be defeated by collusive or fraudulent joinder of a resident defendant." <u>Manning</u>, 304 F.Supp.2d at 1148. Joinder is fraudulent if the complaint does not state a cause of action against the defendant under governing state law. <u>Id</u>., <u>citing</u> <u>Filla v. Norfolk Southern Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003); <u>and</u> <u>Iowa Public Service Co. v. Medicine Bow Coal Co.</u>, 556 F.2d 400, 406 (8th Cir. 1977). If there is a "'colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder." <u>Filla</u>, 336 F.3d at 810 (original emphasis). The district court's task thus is limited to determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." <u>Id</u>. at 811. In making that prediction, the Court must "resolve all facts and ambiguities in the controlling substantive law in the plaintiff's favor." <u>Id</u>.

"The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied." <u>Manning</u>, 304 F.Supp.2d at 1148. "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." <u>Id</u>. "In deciding whether joinder is fraudulent, the court may not step from the threshold

jurisdictional issue into a decision on the merits." Id., citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990).

If the resident defendant is properly joined, there is no complete diversity, the federal court lacks subject-matter jurisdiction, and the action must be remanded. 28 U.S.C. § 1447(c); Filla, 336 F.3d at 811. If the "sufficiency of the complaint against the non-diverse party is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (citation omitted).

**Joinder of Defendant Taylor**

Under the Missouri Human Rights Act, it is unlawful for an employer to discharge or "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of that individual's sex, *inter alia*. Mo. Rev. Stat. § 213.055(a). The Act defines an employer to include "any person directly acting in the interest of an employer." Mo. Rev. Stat. § 213.010(7).

Defendants allege that Taylor was merely a witness to the allegedly discriminatory acts on which plaintiff bases this action. In the petition, plaintiff, however, alleges that Taylor was an agent of Kindred Hospital and that she failed to prevent, acquiesced in, approved, and ratified discriminatory acts. Plaintiff also alleges that at the meeting in which plaintiff's employment was terminated, Taylor refused to provide a detailed

explanation for plaintiff's termination. In the motion to remand, plaintiff alleges that Taylor was a Human Resources Recruiter, and thus a managerial employee, at Kindred Hospital.

Missouri courts interpret "the definition of 'employer' under the MHRA" to impose individual liability in the event of discriminatory conduct. Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. Ct. App. 2006). See also Giandinoto v. Chemir Analytical Services, Inc., 545 F.Supp.2d 952 (E.D. Mo. 2007). This Court recently has held that an employee must have served in a supervisory or managerial capacity to be individually liable for an MHRA violation. See Henry v. Pemiscot Memorial Health Sys., 2007 WL 1847186 (E.D. Mo. June 25, 2007); Anderson v. Ames True Temper, Inc., 2008 WL 697586 (E.D. Mo. March 13, 2008).

The MHRA thus allows for individual liability by a managerial employee. Because the petition claims that Taylor was involved in the allegedly discriminatory decision-making process in her capacity as a managerial employee, Taylor may be subject to liability under the MHRA.

**Administrative Prerequisite to Filing Suit**

Defendants next contend that Taylor should be dismissed because she was not named in plaintiff's administrative charge under the MHRA.

As a prerequisite to filing suit under the MHRA, a complainant must file a timely administrative charge against the allegedly discriminating party. See Mo. Rev. Stat. § 213.075.1. There are exceptions to the general rule that the defendant be named in the

charge, including the "identity of interests" and "actual notice" exceptions. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1034 (E.D. Mo. 2004), citing Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985); and Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985). "These exceptions are similar: an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance." Id.

At this early stage of the action, the slim evidentiary record does not indicate whether Taylor had actual notice of the charge or the opportunity to participate in conciliation. However, this determination is more appropriately made by the state court rather than the federal court on a motion to remand. Id. ("It is not for this Court to decide, in connection with a motion to remand, whether either one of the unnamed individual defendants had actual notice of the administrative charge and an opportunity to participate in the MHRC proceedings. This is a question better suited for review by a Missouri court in connection with a summary judgment motion and a complete evidentiary record.").

### III. Conclusion

Because the plaintiff has asserted a colorable claim against Taylor based on the MHRA, the Court concludes that Taylor's joinder was not fraudulent. Consequently, there is no diversity of citizenship and, therefore, no federal jurisdiction. The absence of jurisdiction precludes the Court from ruling on the defendants' motion to dismiss Taylor.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand this action [# 7] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2008.